## PORTER v. SHARPE.

1. EVIDENCE: PARTY EXECUTOR. When the plaintiff in an action on a promissory note died before trial, and the action was revived in the name of his administrator, it was held that the defendant was not a competent witness to prove that at the time of the commencement of the suit, the note was not the property of the decedent.

2. DEATH: PRESUMPTION OF DEATH. When the record in the Supreme Court shows that the death of the plaintiff was suggested in the court below, and his administrator substituted, it will be presumed that the order of substitution was made upon sufficient evidence of the death.

*Appeal from Dubuque District Court.*

MONDAY, JUNE 20.

SUIT on a note by the administrator of the payee against the maker; defense, general denial and special plea in bar, to the effect that the plaintiff is not the real party in interest; that the note sued was given for the benefit of, and belonged to, the Western Stage Company, &c. The case was tried by the court, which rendered judgment for the plaintiff, and the defendant appeals.

*Lyon* for the appellant.

*Doud* for the appellee.

LOWE, J.—At the trial, the testimony of the defendant was offered to establish the defense set up in the special answer, the material facts of which, in the language of the pleader, were, "that when said contract was made (referring to the note sued), it was made for the Western Stage Company, and that the same belonged to them at the commencement of the action, and still belongs to them." It is very apparent that the facts included in the above allegation must all have transpired anterior to the commencement of the suit. But at that time K. Porter, the payee of the note, was alive, and the suit was instituted in his name. Afterwards dying, his administrator was substituted as the party plaintiff. It follows that under section 3982 of the Revision, the above facts could not be proved against the administrator by the defendant, and when he was introduced as a witness for that purpose, it was not error for the Court to sustain an objection thereto.

Again, the appellant complains that the Court entered judgment for plaintiff without proof of the death of K. Porter, the payee of the note. No question of this kind was raised in the court below, either in the pleadings or on the trial. The records show, however, that the death of the plaintiff was suggested and the Court ordered his administrator to be substituted. We are to suppose this order would hardly have been made unless the Court was satisfied, from the information furnished, that the party commencing the suit was, in fact, dead. Discovering no error, the judgment is

Affirmed.